IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA



| | |
|---|---|
| In re Matter of Petition of PalTalk Holdings and Ketan Mayer-Patel for an Order Quashing Subpoenas | |
| | CASE NO: MISC /:11mc40 |
| PALTALK HOLDINGS, INC., | |
| Plaintiff, | UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF TEXAS CIVIL ACTION NO. 2:09cv274-DF-CE |
| v. | |
| SONY COMPUTER ENTERTAINMENT AMERICA INC., *et al.* | |
| Defendants. | |

**BRIEF IN SUPPORT OF
PLAINTIFF PALTALK HOLDINGS, INC. AND DR. KETAN MAYER-PATEL'S
MOTION TO QUASH, OR IN THE ALTERNATIVE TO MODIFY, SUBPOENAS**

Petitioners PalTalk Holdings, Inc. ("PalTalk") and Dr. Ketan Mayer-Patel submit this Brief in support of their motion to quash or, in the alternative, to modify the subpoenas served on Dr. Mayer-Patel by Defendants NCsoft Corp., Sony Computer Entertainment America LLC, Sony Online Entertainment LLC, Sony Corp., Sony Corp. of America, Activision Publishing Inc., Activision Blizzard, Inc., and Blizzard Entertainment, Inc. in conjunction with a pending patent infringement lawsuit captioned *PalTalk Holdings, Inc. v. Sony Computer Entertainment America Inc. et al*, Civil Action No. 2:09-CV-274 (E.D. Tex.) ("the Patent Case").

# I. BACKGROUND

In September 2009, PalTalk filed the Patent Case against Defendants in the United States District Court for the Eastern District of Texas. Fact discovery is nearing completion and, according to the Eastern District of Texas's Docket Control Order, the deadlines for the disclosure of expert testimony are June 22, 2011 (issues for which the party bears the burden of proof) and July 7, 2011 (rebuttal expert testimony). Ex. A.

In June 2010, requests for *ex parte* re-examination of PalTalk's U.S. Patent Nos. 5,822,523 and 6,226,686 were filed at the United States Patent & Trademark Office ("USPTO"). The USPTO granted both requests in July 2010. On December 3, 2010, the USPTO issued a non-final Office Action in which it initially rejected claims 1-6 of the '523 patent. Along with its response to the Office Action, PalTalk submitted a sworn declaration of Dr. Mayer-Patel, an expert in the field of the claimed invention. In his declaration, Dr. Mayer-Patel opined that certain claim limitations were not taught or rendered obvious by the references relied upon by the examiner.

On May 3, 2011, Defendants served two subpoenas issued from the United States District Court for the Middle District of North Carolina on Dr. Mayer-Patel. The first commanded Dr. Mayer-Patel to appear for a deposition in Durham, North Carolina on June 10, 2011 at 9:00 a.m. Ex. B. The second commanded Dr. Mayer-Patel to appear on May 9, 2011 and produce all documents and communications relating to, among others, PalTalk, the inventors, the asserted patents, the re-examination proceedings, the Patent Case and related litigation, and the prior art. For example, the subpoena commanded Dr. Mayer-Patel to produce all copies and drafts of documents presented to the USPTO during the re-examination, all communications with PalTalk's attorneys relating to the asserted patents, and all documents "that refer or relate to the interpretation, scope, infringement, non-infringement, unenforceability, validity, invalidity,

patentability or non-patentability of the Patents-in-Suit." Ex. C. Dr. Mayer-Patel served objections to the subpoena commanding the production of documents on May 6, 2011.

## II. ARGUMENT

### A. Dr. Mayer-Patel and PalTalk Have Standing to Challenge the Subpoenas

Dr. Mayer-Patel has standing to bring a motion to quash the subpoenas served by Defendants because they are directed towards him. PalTalk has standing to bring this motion to quash because PalTalk "claims a personal right or privilege with respect to the documents requested in the subpoena." *B.C. v. Plumas Unified Sch. Dist.*, 220 F.R.D. 443, 446 (M.D.N.C. 2004). Dr. Mayer-Patel is an expert retained and paid by PalTalk. Defendants' document subpoena expressly requests documents prepared for and at the request of PalTalk, communications between Dr. Mayer-Patel and PalTalk's attorneys, confidential PalTalk documents, and documents that would reveal PalTalk's litigation strategy. There is little doubt that the questions Defendants would ask at a deposition would cover similar subject matter. The Court may also quash the subpoenas on its own motion and under its inherent authority because, as explained below, the subpoenas were issued outside the bounds of Rule 26 of the Federal Rules of Civil Procedure. *See, e.g., Newcomb v. Principal Mut. Life Ins. Co.*, No. 1:07cv345, 2008 WL 3539520, at *3 (W.D.N.C. Aug. 11, 2008).

### B. The Subpoenas Are Improper and Should Be Quashed or in the Alternative Modified Pursuant to a Protective Order

Rule 45 provides that upon timely motion the court "shall" quash or modify a subpoena if it "requires disclosure of privileged or other protected matter, if no exception or waiver applies." Fed. R. Civ. P. 45(c)(3). *OMS Investments, Inc. v. Lebanon Seaboard Corp.*, No. 08-2681, 2008 WL 4952445, at *2 (D.N.J. Nov. 18, 2008) ("If a subpoena falls outside the scope of permissible discovery, the Court has authority to Quash or modify it upon a timely motion by the party

served."). Defendants' subpoenas should be quashed because they seek expert discovery from an un-designated third party witness that is precluded by the Federal Rules and a discovery agreement the parties entered into in the Patent Case. Ignoring the procedures for designation of expert witnesses set forth in Rule 26, Defendants seek to designate Dr. Mayer-Patel to testify on behalf of PalTalk, a procedure which is specifically precluded by Rule 26 and which is senseless given PalTalk's forthcoming designation of an expert to testify on validity issues. Although Defendants would prefer a bonus opportunity to cross examine PalTalk's invalidity expert, Rule 26 simply provides no such benefit to Defendants.

> 1. *The Subpoenas Should Be Quashed because They Seek Expert Testimony from a Consulting Expert*

Dr. Mayer-Patel was retained by PalTalk as an expert to evaluate the invalidity theories raised in the USPTO reexamination proceedings. PalTalk has not identified Dr. Mayer-Patel as a testifying expert in the Patent Case. Nevertheless, Defendants' document subpoena demands production of documents relating to Dr. Mayer-Patel's expert opinions relating to, for example, "the interpretation, scope, infringement, non-infringement, unenforceability, validity, patentability, or non-patentability of the Patents-in-Suit." Ex. C. One can assume that Defendants intend to explore the same topics in Dr. Mayer-Patel's deposition. These matters fall squarely within the purview of experts in patent cases. *See Sundance, Inc. v. DeMonte Fabricating Ltd.*, 550 F.3d 1356, 1363 (Fed. Cir. 2008) ("We hold that it is an abuse of discretion to permit a witness to testify as an expert on the issues of noninfringement or invalidity unless that witness is qualified as an expert in the pertinent art."). This expert discovery sought by Defendants is precluded by Federal Rule of Civil Procedure 26.

Rule 26 provides a framework for expert discovery during litigation.[1] The Rule has separate provisions that govern discovery relating to experts who may testify at trial (expert witnesses) and experts who are retained in anticipation of litigation or to prepare for trial but are not expected to be called as witnesses at trial (consulting experts). First, under Rule 26(a)(2), parties must identify retained expert witnesses and produce a report for each such expert witness that identifies, among other things, all of the expert's opinions and the facts or data considered by the expert in forming those opinions. Experts who are not retained to provide expert testimony in the case are not required to produce reports under Rule 26(a)(2). Dr. Mayer-Patel has not been designated as a testifying expert in the case.

Second, Rule 26(b)(4) provides specific rules that govern discovery relating to retained experts. The rules for expert witnesses (who will testify at trial) and non-testifying consulting experts (who will not testify at trial) are different. With respect to testifying expert witnesses, Rule 26(b)(4)(A) provides that a party "may depose any person who has been identified as an expert whose opinions may be presented at trial." However, if that person is a retained expert witness who is subject to the report requirement of Rule 26(a)(2)(B), "the deposition may be conducted only after the report is provided." Fed. R. Civ. P. 26(b)(4)(A) (emphasis added). Non-testifying consulting experts, on the other hand, such as Dr. Mayer-Patel, are not subject to discovery absent special circumstances:

> (D) *Expert Employed Only for Trial Preparation.* Ordinarily, a party may not, by interrogatories or deposition, discover facts known or opinions held by an expert who has been retained or specially employed by another party in

---

[1] Rule 26 of the Federal Rules of Civil Procedure was amended by an April 28, 2010 Order of the Supreme Court of the United States. According to the Order, the amendments "shall take effect on December 1, 2010, and shall govern in all proceedings thereafter commenced and, insofar as just and practicable, all proceedings then pending." Ex. F, at 3. Because it is "just and practicable," the amended version of Rule 26 should be applied in the present case. *See, e.g., Civix-DDI, LLC v. Metropolitan Regional Information Sys., Inc.*, --- F.R.D. ----, 2011 WL 922611, at *1-2 (E.D. Va. Mar. 8, 2011). To the extent the Court decides otherwise, much of the argument herein is equally applicable under the old version of Rule 26. Specifically, subsections (b)(4)(A) and (D) of the amended rule existed in the previous rule as subsections (b)(4)(A) and (b)(4)(B), respectively. Subsections (b)(4)(B) and (C) of the amended rule are new.

anticipation of litigation or to prepare for trial and who is not expected to be called as a witness at trial. But a party may do so only:

(i) as provided in Rule 35(b); or

(ii) on showing exceptional circumstances under which it is impracticable for the party to obtain facts or opinions on the same subject by other means.

Fed. R. Civ. P. 26(b)(4)(D).

Dr. Mayer-Patel is a consulting expert under Rule 26(b)(4)(D). PalTalk retained Dr. Mayer-Patel as a technical consultant to assist with the reexamination proceedings. Activities relating to reexamination are "in anticipation of litigation" in circumstances where, as in this case, the reexamination is proceeding in parallel to the litigation, or where future litigation is envisioned. *See Oak Indus. v. Zenith Elecs. Corp.*, 687 F. Supp. 369, 374-375 (N.D. Ill. 1988); *see also Applied Telematics, Inc. v. Sprint Commc'ns Co.*, No. 94-4603, 1996 WL 539595, at *5 ("Thus, the reexamination proceeding itself is adversarial, and the documents prepared for that proceeding were also prepared in anticipation of litigation with Phone Base and others."); *In re Minebea Co.*, 143 F.R.D. 494, 501 (S.D.N.Y. 1992). Although the Eastern District of Texas's Docket Control Order does not yet require PalTalk to identify its testifying experts, PalTalk does not expect that Dr. Mayer-Patel will testify at trial. Accordingly, discovery into "facts known or opinions held" by Dr. Mayer-Patel is precluded by Rule 26 unless Defendants can show that there are "exceptional circumstances under which it is impracticable for the party to obtain facts or opinions on the same subject by other means." Fed. R. Civ. P. 26(b)(4)(D).[2] Defendants cannot do so because, in accordance with the Eastern District of Texas's Docket Control Order, PalTalk will identify an expert who will testify about validity at trial and produce a corresponding Rule 26(a)(2)(B) report. After the report has been produced, Defendants will be permitted to depose that expert under Rule

---

[2] Rule 35(b), which pertains to physical and mental examinations, is not at issue.

12034-v4/1012.0030                                  6

Case 1:11-mc-00040-WWD   Document 2   Filed 06/15/11   Page 6 of 19

26(b)(4)(A), including on the reexamination prosecution history upon which Defendants seek to depose Dr. Mayer-Patel.

But Defendants are effectively seeking to designate Dr. Mayer-Patel themselves to testify as an expert on behalf of PalTalk in addition to PalTalk's chosen expert, which is contrary to Rule 26. Rule 26(b)(4)(D) gives PalTalk the right to determine which experts will testify on its behalf in a litigation. Defendants' subpoenas seeking to circumvent that right should be quashed.

### 2. The Subpoenas Should Be Quashed Because They Seek Discovery That Is Impermissible Even if Dr. Mayer-Patel Were Designated as a Testifying Expert

Even if Dr. Mayer-Patel was expected to testify at trial, Defendants' cannot circumvent Rule 26's discovery limitations or their prior agreement with PalTalk that the materials they seek are not discoverable by issuing subpoenas. First, Rule 26(b)(4)(A) does not permit a party to depose expert witnesses until after a Rule 26(a)(2)(B) report has been provided. Defendants' deposition subpoena is premature because Dr. Mayer-Patel has not provided such a report. *See ROY-G-BIV Corp. v. Fanuc Ltd.*, No. 2:07-CV-418, 2009 WL 2046488, at *1 (E.D. Tex. July 9, 2009); *Karakis v. Foreva Jens Inc.*, No. 08-61470, 2009 WL 113456, at *2 (S.D. Fla. Jan. 19, 2009) (precluding premature expert depositions).

Second, Defendants' document subpoena requests materials that would not be discoverable under subsections (B) and (C) of Rule 26(b)(4) even if an expert report was provided by Dr. Mayer-Patel.[3] As amended, those subsections provide:

> (B) *Trial-Preparation Protection for Draft Reports or Disclosures.* Rules 26(b)(3)(A) and (B) protect drafts of any report or disclosure required under Rule 26(a)(2), regardless of the form in which the draft is recorded.
>
> (C) *Trial-Preparation Protection for Communications Between a Party's Attorney and Expert Witnesses.* Rules 26(b)(3)(A) and (B) protect communications between the party's attorney and any witness required to

---

[3] Subsections (B) and (C) were added as part of the recent amendments to Rule 26. As discussed above, the amended version of Rule 26 should be applied in this case.

provide a report under Rule 26(a)(2)(B), regardless of the form of the communications, except to the extent that the communications:

(i)   relate to compensation for the expert's study or testimony;

(ii)  identify facts or data that the party's attorney provided and that the expert considered in forming the opinions to be expressed; or

(iii) identify assumptions that the party's attorney provided and that the expert relied on in forming the opinions to be expressed.

Fed. R. Civ. P. 26(b)(4).

Defendants have subpoenaed production of Dr. Mayer-Patel's notes, writings, and drafts of statements to the USPTO. Ex. C. Because the reexamination involves the same validity issues as the Patent Case, these documents are within the scope of subsection (B), which broadly protects drafts of the expert's opinions "regardless of the form in which the draft is recorded." *See Oak Indus.*, 687 F. Supp. at 374-75. Defendants have also commanded Dr. Mayer-Patel to produce "any Communications with PalTalk's attorneys" that relate to, among other things, the Patent Case, the asserted patents, and the reexamination proceedings. Ex. C. Subject to three limited exceptions, subsection (C) protects testifying expert-attorney communications from discovery. The Advisory Committee Notes confirm that the discovery sought by Defendants is precisely the type of discovery that was intended to be precluded by the amendments to Rule 26:

> Rules 26(a)(2) and (b)(4) are amended to address concerns about expert discovery.... Rule 26(b)(4) is amended to provide work-product protection against discovery regarding draft expert disclosures or reports and—with three specific exceptions—communications between expert witnesses and counsel.
>
> ***
>
> The Committee has been told repeatedly that routine discovery into attorney-expert communications and draft reports has had undesirable effects.

Advisory Committee Note to the 2010 Amendments to Fed. R. Civ. P. 26.

Even if Rule 26 did not preclude such discovery, Defendants themselves agreed that the materials they seek were not discoverable in this litigation. PalTalk and Defendants filed a Joint Conference Report that set forth the following agreement that limits discovery relating to experts:

> <u>Expert Witnesses</u>: The parties agree that draft expert reports, expert notes relating to expert reports and their preparation, and communications between attorneys and experts relating to expert reports and deposition or trial preparation in this matter are not subject to discovery, except to the extent that such communications or documents are relied upon for an expert's opinion. All parties will remain free to explore on deposition the process by which an expert report was developed, provided such exploration does not seek to undermine the agreement limiting discovery of the materials listed in this paragraph.

Ex. D, at 12.

PalTalk and Defendants voluntarily entered into this agreement, and PalTalk has relied on it in making decisions regarding its communications with experts, including Dr. Mayer-Patel. It would be inequitable to permit Defendants to sidestep this agreement at this time. Courts routinely hold litigants to agreements that restrict the scope of discovery:

> Parties to lawsuits often agree to limit discovery to avoid extra costs or embarrassment, or one side just chooses to abandon some line of discovery as more trouble than it is worth. These kinds of decisions are strategic and routine. A party's strategic decisions for litigation are, to a great extent, based on conjectures about what future course will be most favorable to the party; with hindsight, some of the conjectures turn out to be incorrect. But to hold litigants to their strategic decisions on how broadly or narrowly they wish to litigate is not unfair.

*Shahar v. Bowers*, 120 F.3d 211, 213 (11th Cir. 1997); *Mawulawde v. Board of Regents of the Univ. Sys. Of Ga.*, No. CV 105-099, 2007 WL 2460774, at *7 (S.D. Ga. Aug. 24, 2007) ("Neither will Plaintiff be allowed to renege on his agreement to limit discovery.").

The discovery sought by Defendants' subpoenas attempts to circumvent the Parties' agreement in two ways. First, regardless of whether Dr. Mayer-Patel ultimately submits an expert report or acts as a testifying witness at trial, it seeks communications between attorneys and experts that relate to trial preparation. For example, Defendants have requested "All Communications with

any person ... Relating To the Patents-in-Suit, the Related Patents, the Prior Litigations, the Present Litigation, the Reexamination Proceedings, or the Documents requested herein, including any Communications with PalTalk's Attorneys." Ex. C. Because the reexamination proceedings are intertwined with the litigation and relate to the same issues of claim scope and validity, Dr. Mayer-Patel's communications with PalTalk's attorneys will necessarily relate to PalTalk's preparation of trial strategy relating to the validity of the asserted patents. *See Oak Indus.*, 687 F. Supp. at 374-75.

Second, if Dr. Mayer-Patel was to produce an expert report and serve as a testifying expert at trial,[4] Defendants' subpoenas would violate the parties' agreement that "draft expert reports [and] expert notes relating to expert reports and their preparation" are not discoverable. As discussed above, the similarity between the validity issues addressed during reexamination and the validity issues that would be addressed in an expert report warrants the conclusion that notes and drafts created during the reexamination proceedings are properly viewed as the expert's preparatory work for the expert report in the Patent Case as well. *See Oak Indus.*, 687 F. Supp. at 374-75.

### 3. Any Argument By Defendants That They Are Seeking Fact Discovery Should Be Rejected

In a belated effort to avoid the quashing of their subpoenas, Defendants may now assert that they seek only fact—and not expert—discovery from Dr. Mayer-Patel. Such an assertion is implausible in light of the nature of documents requested from Dr. Mayer-Patel as well as Defendants' communications regarding Dr. Mayer-Patel. As discussed above, Defendants have commanded production of "All Documents that refer or relate to the interpretation, scope, infringement, non-infringement, unenforceability, validity, invalidity, patentability, or non-

---

[4] As mentioned above, although PalTalk does not expect that Dr. Mayer-Patel will testify at trial, the Docket Control Order in the Patent Case does not require PalTalk to make a final decision on this matter until a later date.

patentability of the Patents-in-Suit" and presumably intend to explore the same topics during the subpoenaed deposition. Only experts are permitted to opine on these topics at trial. *See Sundance*, 550 F.3d at 1363 ("We hold that it is an abuse of discretion to permit a witness to testify as an expert on the issues of noninfringement or invalidity unless that witness is qualified as an expert in the pertinent art."). After meeting and conferring regarding this motion, Defendants continued to maintain that they "are entitled to explore Dr. Patel's statements during the reexam and the basis for those statements as well as obtain documents and materials that he relied upon when preparing those statements." Ex. E. The subpoenas are "thinly-veiled attempts to depose expert witnesses regarding the opinions they have in this case" and should be quashed. *See ROY-G-BIV*, 2009 WL 2046488, at *1 ("The Court finds that Defendants' attempt to re-characterize the subpoenaed witnesses as fact witnesses is misplaced. . . . Defendants' subpoenas are thinly-veiled attempts to depose expert witnesses regarding the opinions they have in this case.").

> 4. *Even if the Subpoenas Seek Fact Discovery From Dr. Mayer-Patel, They Should Be Quashed As Overbroad, Unduly Burdensome, and Seeking Irrelevant Information, Privileged Communications, and Work Product*

To the extent the Defendants are seeking fact discovery from Dr. Mayer-Patel, the subpoenas are overly broad, unduly burdensome, and improperly seek irrelevant information, attorney-client privileged communications, and attorney work product. To the extent that any requested documents are discoverable, such documents are either publicly available as part of the USPTO's reexamination record or have already been obtained from PalTalk through discovery in the Patent Case. For example, Defendants have commanded Dr. Mayer-Patel to produce documents, submissions, graphics, power point presentations, prior art, and statements submitted to the USPTO. Ex. C. PalTalk has already produced such documents to Defendants in the Patent Case. It is unduly burdensome to compel a third party to gather and produce documents that are

readily accessible to the requester through other means. *See Haworth, Inc. v. Herman Miller, Inc.*, No. 92-C-4870, 1992 WL 229399, at *2 (N.D. Ill. Aug. 10, 1992) ("Non-party witnesses should not be burdened with producing documents sought by a party in an underlying litigation unless the party is unable to obtain that information from its adversary."), *aff'd*, 998 F.2d 975 (Fed. Cir. 1993).

The remaining documents that Dr. Mayer-Patel possesses, such as drafts of his declarations, are not relevant to any claim at issue in the Patent Case. The court in *Goss International Americas, Inc. v. MAN Roland, Inc.* addressed the discoverability of materials similar to those sought by Defendants. In that case, the defendant sought documents related to declarations filed by an expert during prosecution of the patents-in-suit. No. Civ. 03-CV-513, 2006 WL 1134930, at *2 (D.N.H. Apr. 28, 2006). The court specifically rejected the defendant's argument that this discovery was relevant to the validity of the patents:

> Obviously, [the defendant] contends that the patents-in-suit are invalid, but it does not explain how the manner in which [the expert] prepared his PTO declarations has any relevance to its claims of invalidity. The patents are valid or they are not, based upon well-established principles of patent law.

*Id.* at *3.[5] Because the expert who filed the declaration at the USPTO was not a testifying expert in the litigation, the court held that the material was not relevant and denied the defendant's motion to compel.[6] *Id.* The *Goss* court's reasoning is equally applicable in the present case, where Dr. Mayer-Patel filed a declaration at the USPTO but is not expected to testify at trial.

---

[5] To the extent Defendants may suggest that this discovery is relevant to inequitable conduct, they have not asserted an inequitable conduct claim in the Patent Case. Accordingly, Defendants are not entitled to inequitable conduct discovery. *See Resqnet.Com, Inc. v. Lansa, Inc.*, No. 01 Civ.3578, 2004 WL 1627170, at *4-6 (S.D.N.Y. July 21, 2004).

[6] The defendants in *Goss* relied heavily on *Hewlett-Packard Co. v. Bausch & Lomb, Inc.*, a case in which the magistrate judge permitted discovery of drafts of a declaration filed during re-examination proceedings by an individual who also served as the patentee's testifying expert in related litigation. 116 F.R.D. 533, 536-37 (N.D. Cal. 1987). The *Goss* court noted that the primary rationale for permitting discovery of the drafts in *Hewlett-Packard* was that they would be useful during cross-examination of the expert at trial—a concern that is not applicable where, as in *Goss* and the present case, the declarant will not testify at trial. *Goss*, 2006 WL 1134930, at *2-3. Additionally, the *Hewlett-*

Finally, the materials sought by Defendants are protected from discovery by the attorney-client privilege and attorney work product doctrine. The attorney-client privilege protects communications between an attorney and a client if the communication "involves a request for legal services (whether express or implied), the transmission of information for the principal purpose of facilitating the rendition of legal services, or the actual rendering of such services." *Golden Trade, S.r.L. v. Lee Apparel Co.*, No. 90-CIV-6291, 1992 WL 367070, at *3 (S.D.N.Y. Nov. 20, 1992). The privilege extends to communications between counsel and the client's representative, including experts retained by the client. *Id.* at *6. Because communications between Dr. Mayer-Patel and PalTalk's attorneys were made to facilitate the rendition of legal services (specifically, responding to invalidity theories raised by the USPTO), those communications are privileged. *Id.*

Dr. Mayer-Patel's notes, drafts, and communications are also protected work product. Federal Rule 26(b)(3) provides that work product doctrine applies to "documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative (including the other party's attorney, consultant, surety, indemnitor, insurer or agent." The work product protection of Rule 26(b)(3) applies to consultants independently of the protections provided to non-testifying experts by Rule 26(b)(4). *In re Cendant Corp. Secs. Litig.*, 343 F.3d 658, 664-65 (3d Cir. 2003). Courts have recognized that work product protection extends to materials created for reexamination proceedings at the USPTO. *See Oak Indus.*, 687 F. Supp. at 374-375; *Applied Telematics*, 1996 WL 539595, at *5. Dr. Mayer-Patel's notes, drafts, and communications with PalTalk's counsel were prepared in anticipation of the validity challenges at issue in the reexamination proceedings also being raised in the pending Patent Case. These

---

*Packard* decision relied on the fact that the Federal Rules at that time did not protect a testifying expert's drafts from disclosure. 116 F.R.D. at 537. This rationale is no longer applicable because, as discussed above, Federal Rule 26(b)(4)(B) now excludes a testifying expert's drafts from discovery.

materials would reveal PalTalk's litigation strategy with respect to the validity of the asserted patents and, accordingly, are protected work product.

### 5. If the Subpoenas Are Not Quashed, They Should Be Modified and an Appropriate Protective Order Issued

If the Court does not quash the subpoenas, PalTalk respectfully requests that the Court issue a protective order prohibiting Defendants from seeking discovery (via production of documents or questioning at a deposition) of (1) Dr. Mayer-Patel's expert opinions unless and until Dr. Mayer-Patel produces an expert report in the Patent Case; (2) materials that the parties agreed was not discoverable in the Patent Case; (3) attorney-client privileged communications; and (4) work product protected under Rule 26(b)(3)-(4).

### 6. To the Extent the Court Orders Any Production or Deposition, the Federal Rules Require that Defendants Pay Dr. Mayer-Patel for His Time

Under Federal Rule 26(b)(4)(E),[7] "[u]nless manifest injustice would result, the court must require that the party seeking discovery (i) pay the expert a reasonable fee for time spent in responding to discovery under Rule 26(b)(4)(A) or (D); and (ii) for discovery under (D), also pay the other party a fair portion of the fees and expenses it reasonably incurred in obtaining the expert's facts and opinions." *See also Karakis*, 2009 WL 113456, at *2 n.2. Dr. Mayer-Patel has not been disclosed as an expert in the Patent Case and has not submitted an expert report. Accordingly, to the extent Defendants seek to depose Dr. Mayer-Patel or have him comb through his files for documents responsive to the production requests in the subpoena, Defendants should bear all costs and fees associated with such discovery.

No manifest injustice will result from such a payment because Defendants are large, well capitalized companies.

---

[7] Current Rule 26(b)(4)(E) corresponds to Rule 26(b)(4)(C) under the pre-amendment version of Rule 26.

## III. CONCLUSION

PalTalk and Dr. Mayer-Patel respectfully request that the Court quash the subpoenas in their entirety for the foregoing reasons. In the alternative, PalTalk and Dr. Mayer-Patel request that the Court issue a protective order prohibiting Defendants from pursuing improper discovery from Dr. Mayer-Patel and requiring Defendants to pay appropriate fees pursuant to Federal Rule of Civil Procedure 26(b)(4)(E).

This the 15th day of June, 2011.

/s/James C. Adams, II
James C. Adams, II
N.C. State Bar No. 18063
Email: jadams@brookspierce.com
Brooks Pierce McLendon Humphrey
    & Leonard, LLP
P.O. Box 26000
Greensboro, NC 27420
Telephone: (336) 373-8850
Facsimile: (336) 378-1001

Max L. Tribble, Jr.
Texas State Bar No. 20213950
Southern District of Texas Bar No. 10429
Email: mtribble@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1000 Louisiana Street, Suite 5100
Houston, Texas 77002-5096
T: (713) 651-9366
F: (713) 654-6666

Brooke A.M. Taylor
WA State Bar No. 33190
Email: btaylor@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1201 Third Avenue, Suite 3800
Seattle, WA 98101-3000
T: (206) 516-3880
F: (206) 516-3883

Kalpana Srinivasan
CA State Bar No. 237460
Email: ksrinivasan@susmangodfrey.com
SUSMAN GODFREY L.L.P
1901 Avenue of the Stars, Suite 950
Los Angeles, CA 90067-6029
T: (310) 789-3126
F: (310) 789-3150

ATTORNEYS FOR PLAINTIFF PALTALK
HOLDINGS, INC.

OF COUNSEL:

Michael F. Heim
Texas State Bar No. 09380923
Southern District of Texas Bar No.: 8790
Email: mheim@hpcllp.com
HEIM, PAYNE & CHORUSH, L.L.P.
600 Travis Street, Suite 6710
Houston, Texas 77002-2912
T: (713) 221-2000
F: (713) 221-2021

Douglas R. Wilson
Texas State Bar No. 24037719
Southern District of Texas Bar No.: 16995
Email: dwilson@hpcllp.com
HEIM, PAYNE & CHORUSH, LLP
9442 Capital of Texas Hwy North
Plaza 1, Suite 500-146
Austin, TX 78759
T: (512) 343-3622

S. Calvin Capshaw
State Bar No. 03783900
Email: ccapshaw@capshawlaw.com
Elizabeth L. DeRieux
State Bar No. 05770585
Email: ederieux@capshawlaw.com
D. Jeffrey Rambin
State Bar No. 00791478
Email: jrambin@capshawlaw.com
CAPSHAW DERIEUX, LLP
1127 Judson Road, Suite 220
P. O. Box 3999 (75606-3999)
Longview, Texas 75601-5157
T: (903) 236-9800
F: (903) 236-8787

T. John Ward, Jr.
Email: jw@jwfirm.com
LAW OFFICE OF T. JOHN WARD, JR. P.C.
111 W. Tyler Street
Longview, Texas 75601
T: (903)757-6400
F: (903) 757-2323

Otis W. Carroll, Jr.
State Bar No. 03895700
Email: fedserv@icklaw.com
IRELAND CARROLL & KELLEY, P.C.
6101 S Broadway, Suite 500
Tyler, TX 75703
T: (903) 561-1600
F: (903) 581-1071

Robert Christopher Bunt
State Bar No. 00787165
Email: rcbunt@pbatyler.com
Robert M. Parker
State Bar No. 15498000
Email: rmparker@pbatyler.com
PARKER, BUNT & AINSWORTH, P.C.
100 East Ferguson, Ste. 1114
Tyler, TX 75702
T: (903) 531-3535
F: (903) 533-9687

ATTORNEYS FOR PLAINTIFF
PALTALK HOLDINGS, INC

# CERTIFICATE OF SERVICE

I hereby certify that on the 15th day of June, 2011, a true and correct copy of the foregoing was served upon all counsel of record by e-mail as follows:

Elliot Brown
Morgan Chu
Ellisen S. Turner
Irell & Manella LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067-4276

Samuel Baxter
McKool Smith
104 East Houston St., Suite 300
Marshall, TX 75670
**Attorneys for Activision Blizzard, Inc. and Blizzard Entertainment, Inc.**

Brian P. Biddinger
David Chun
Matthew R. Clements
Tal Kedem
Gene W. Lee
Hanyong Lee
Ropes & Gray LLP
1211 Avenue of the Americas
New York, NY 10036-8704

Jesse J. Jenner
Ropes & Gray LLP
One International Place
Boston, MA 02110

John M. Pickett
Damon M. Young
Young Pickett & Lee
4122 Texas Blvd.
Texarkana, TX 75504-1897
**Attorneys for NCSoft Corporation**

Franklin D. Kang
Jeff Myung
Robert Steinberg

Latham & Watkins LLP
355 South Grand Avenue
Suite 100
Los Angeles, CA 90071-1560

Clyde Moody Siebman
Siebman Reynolds Burg & Phillips LLP
300 N. Travis St.
Sherman, TX 75090-0070

**Attorneys for Sony Computer Entertainment America Inc., Sony Corporation, Sony Corporation of America, and Sony Online Entertainment LLC**

/s/ James C. Adams, II
_____
James C. Adams, II

#12034-v3/1012.0030